UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALI TALEB,

    Plaintiff,

v.                                                                                              Civil Case No. 22-10409
                                                                                                  Honorable Linda V. Parker

ALEJANDRO MAYORKAS,
DEPARTMENT OF HOMELAND
SECURITY, and IMMIGRATION
AND CUSTOMS ENFORCEMENT

    Defendants.
_____/

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

Plaintiff Ali Taleb, a native of Lebanon who has lived in the United States for approximately 22 years, applied for an adjustment of his immigration status with United States Citizenship and Immigration Services ("USCIS"), a division of the United States Department of Homeland Security. On December 28, 2015, USCIS denied Mr. Taleb's application. On February 24, 2022, Mr. Taleb filed this action against USCIS, Homeland Security, and the current Secretary of Homeland Security, Alejandro Mayorkas, seeking judicial review of that decision.

On August 5, Defendants filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6), arguing that the Court lacks subject matter jurisdiction, the action is time-barred, and the claims lack merit. (ECF No. 8.) The

motion has been fully briefed. (ECF Nos. 10, 11.) Finding the facts and legal arguments adequately presented in the parties' briefs, the Court is dispensing with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f). Because the Court agrees with Defendants that it lacks subject matter jurisdiction to review the adjustment of status decision, it does not reach Defendants' alternative arguments for dismissal and is dismissing Plaintiff's Complaint without prejudice.

**I.      Standard of Review**

A motion to dismiss pursuant to Rule 12(b)(1) challenges the court's subject matter jurisdiction. Where subject matter jurisdiction is lacking, "the court lacks power to reach the merits of the case." *Revere v. Wilmington Finance*, 406 F. App'x 936, 937 (6th Cir. 2011) (citing *Ernst v. Rising*, 427 F.3d 351, 366 (6th Cir. 2005)).

"Rule 12(b)(1) motions to dismiss for lack of jurisdiction generally come in two varieties: a facial attack or a factual attack." *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). Defendants assert a facial attack, as they challenge the sufficiency of the pleading itself. In that instance, the court accepts the material allegations in the complaint as true and construes those allegations in the light most favorable to the nonmoving party.

2

*United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 235-37 (1974)).

**II.     Background**

Mr. Taleb left Lebanon approximately 30 years ago and has lived in Canada or the United States since that time. (Compl. ¶¶ 1, 49-54, ECF No. 1 at Pg ID 2, 9-10.) He has lived with his wife and now adult children, who were either born in the United States or Canada. (*Id.* ¶ 1, Pg ID 2.) The United States granted Mr. Taleb and his family asylum in February 2000. (*Id.* ¶ 58, Pg ID 10.) In 2012, Mr. Taleb's wife and non-U.S. born children were granted green cards. (*Id.* ¶ 60, Pg ID 11.) Those family members obtained United States citizenship on December 28, 2016. (*Id.* ¶ 61, Pg ID 11.)

Mr. Taleb has applied several times unsuccessfully for an adjustment of his status pursuant to 8 U.S.C. § 1159, with the last application being filed on July 7, 2011. (*Id.* ¶¶ 62-63, Pg ID 11-12.) As indicated, USCIS denied his latest application on December 28, 2015. (*Id.* ¶ 63, Pg ID 11-12.) USCIS found Mr. Taleb inadmissible for engaging in terrorist activity and due to being convicted "of crimes involving moral turpitude." (*Id.* ¶ 64, Pg ID 12 (quoting 12/28/15 Decision at 4, ECF No. 1-2 at Pg ID 29.) As to the first reason, USCIS concluded that the Amal militia, for which Mr. Taleb served as a local commander in Lebanon, is a

3

terrorist organization as defined in section 212(a)(3)(B)(vi) of the Immigration and Nationality Act ("INA"). (12/28/15 Decision at 4-5, ECF No. 1-2 at Pg ID 28-29.) As to the second reason, USCIS relied on records indicating that Mr. Taleb had been convicted of theft and conspiracy to commit theft in Montreal, Quebec, Canada in March 1999. (*Id.* at 3, Pg ID 27.)

Mr. Taleb asserts that Amal is not a terrorist organization and that, to the extent he was convicted of any crime in Canada, it was without due process as the proceedings occurred after he was removed from the country by Canadian authorities. (*Id.* ¶¶ 65-66, Pg ID 12-13.) He therefore claims that USCIS's December 28, 2015 decision was arbitrary and capricious, in violation of his Fifth Amendment rights and the Administrative Procedures Act. (*See generally* Compl., ECF No. 1.) Mr. Taleb further claims that Defendants denied his rights to equal protection as they are discriminating against him based on his national original. (*Id.*)

### III. Applicable Law & Analysis

Two jurisdiction-stripping statutes apply to Mr. Taleb's claims. First, while the APA permits a court to set aside an arbitrary and capricious agency decision and provides a default rule that agency actions are reviewable, the statute also provides that Congress can abrogate the presumption of judicial review. *See* 5

4

U.S.C. §§ 701-04, 706(2)(A). Specifically, § 701 provides that the APA does not apply "to the extent that . . . statutes preclude judicial review." 5 U.S.C. § 701(a)(1). Further, § 702 states that "[n]othing herein . . . affects other limitations on judicial review or the power or duty of the court to dismiss any action or deny relief on any other appropriate legal . . . ground." *Id.* § 702. Congress expressly precluded judicial review of certain immigration-related decisions in the INA.

> Specifically, 8 U.S.C. § 1252(2)(B) reads:
>
>> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, and except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review—
>>
>> (i) any judgment regarding the granting of relief under section 1182(h), 1182(i), 1229b, 1229c, or 1255 of this title, or
>>
>> (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title.
>
> *Id.* Subparagraph (D) of this section provides:
>
>> Nothing in subparagraph (B) or (C), or in any other provision of this chapter (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for

5

> review filed with an appropriate court of appeals in accordance with this section.

8 U.S.C. § 1252(D).

The Supreme Court recently examined the INA's jurisdiction-stripping provision in *Patel v. Garland*, -- U.S. --, 142 S. Ct. 1614 (2022). There, the Court was presented with the issue of whether a petitioner in active removal proceedings may seek judicial review of the factual findings underlying the removal decision. *Id.* at 1618. Those findings were that the petitioner had falsely represented his citizenship status on his Georgia driver's license application. *Id.* at 1620. The factual findings in that case had been made first by USCIS in an earlier judgment denying the petitioner's adjustment of status application. *Id.* In the removal proceedings, an immigration judge considered again whether the petitioner had intentionally misrepresented his citizenship on the driver's license application and, concluding he did, denied the petitioner's adjustment of status application and ordered him removed. *Id*. After the Board of Immigration Appeals upheld this decision, the petitioner sought judicial review.

The Supreme Court held that § 1252(a)(2)(B)(i) stripped the courts of jurisdiction to review the agency's ultimate decision *as well as* the factual determinations underlying the decision. *Id*. at 1622. The Court found this conclusion reinforced by the limited preservation for review of "constitutional

6

claims or questions of law" in subparagraph (D) of the statute. *Id*. at 1623. The petitioner and government argued that such an interpretation would preclude review of all USCIS denials of discretionary relief made outside the removal context. *Id*. at 1626. To this concern, the *Patel* Court responded:

> The reviewability of such decisions is not before us, and we do not decide it. But it is possible that Congress did, in fact, intend to close that door. The post-*St. Cyr* amendments expressly extended the jurisdictional bar to judgments made outside of removal proceedings at the same time that they preserved review of legal and constitutional questions made within removal proceedings. *See* §§ 1252(a)(2)(B), (D). And foreclosing judicial review unless and until removal proceedings are initiated would be consistent with Congress' choice to reduce procedural protections in the context of discretionary relief. *See Lee v. USCIS*, 592 F.3d 612, 620 (CA4 2010) ("To the extent Congress decided to permit judicial review of a constitutional or legal issue bearing upon the denial of adjustment of status, it intended for the issue to be raised to the court of appeals during removal proceedings").

*Id*. at 1626-27 (footnote omitted).

Although dicta, courts have relied on *Patel* to conclude that § 1252(a)(2)(B) precludes judicial review of immigration decisions even outside the removal context. *See, e.g., Doe v. Mayorkas*, No. 22-cv-00752, 2022 WL 4450272 (D. Minn. Sept. 23, 2022) (holding that § 1252 stripped the court of jurisdiction to review the plaintiff's claims relating to the denial of his application for an adjustment of status and to the denial of his application to extend his status); *Badra v. Jaddou*, No. 22-22465, 2022 WL 4376331, at *2 (S.D. Fla. Sept. 22, 2022)

7

(finding "no door to judicial review" of the decision to deny the plaintiffs' adjustment of status application); *Rabinovych v. Mayorkas*, -- F. Supp. 3d --, 2022 WL 3988951, at *4-5 (D. Mass. Aug. 31, 2022) (concluding that the INA precluded judicial review of the denial of petitions for adjustment of status). As *Rabinovych* reflects, courts reached the same conclusion even without the benefit of *Patel*. *See Rabinovych*, 2022 WL 3908951, at *5 (citing district and circuit court decisions pre-*Patel* interpreting § 1252 as precluding judicial review).

In fact, in *Singh v. Dedvukaj*, No. 09-13252, 2010 WL 2089380 (E.D. Mich. May 24, 2010), the late Honorable Julian Abele Cook held that the decision to deny the plaintiff's application to adjust his immigration status was not subject to judicial review. *Id.* at *5. Judge Cook cited several cases in which courts within and outside the Sixth Circuit reached similar decisions. *Id.* at *4. Judge Cook reasoned that, in the INA, Congress granted the Secretary of Homeland Security (or USCIS as a delegate) discretion to decide whether to adjust the status of a petitioner, *id.* at *3 (citing 8 U.S.C. § 1159(b)), and that the INA insulates from judicial review "any decision or action of . . . the Secretary of Homeland Security the authority for which is specified . . . to be in the [Secretary's] discretion . . .[,]" *id.* at *3-4 (quoting 8 U.S.C. § 1252(a)(2)(B)(ii)).

8

Based on the case law discussed above, this Court concludes that USCIS's decision to deny Plaintiff's application for adjustment of status, including the factual findings on which that decision is based, are not subject to judicial review. Whether or not Congress closed the door to judicial review of constitutional and legal challenges raised outside of the removal context, there can be no doubt that such challenges may only be raised in "an appropriate court of appeals[.]" 8 U.S.C. § 1252(a)(2)(D). In other words, even if Congress did not preclude judicial review of Plaintiff's constitutional and legal challenges to the December 28, 2015 decision denying his application, only the Sixth Circuit Court of Appeals has jurisdiction to resolve those challenges. This Court lacks subject matter jurisdiction to adjudicate Plaintiff's claims.

Accordingly,

**IT IS ORDERED** that Defendants' motion to dismiss (ECF No. 8) is **GRANTED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: February 10, 2023